## 28018. GOSS v. THE STATE.

DECIDED FEBRUARY 5, 1940.

*John T. Dorsey,* for plaintiff in error.

*H. G. Vandiviere, solicitor-general,* contra.

BROYLES, C. J. Homer Goss, Harry Barclay, and Ed Barclay were jointly indicted for murder. The indictment charged that the three defendants assaulted and beat J. K. Bell "with a certain blunt instrument, the exact kind and description being to the grand jurors unknown, the same being then and there a weapon likely to produce death, and with malice aforethought did strike and beat the said J. K. Bell in the body, head, limbs, face, and stomach, thereby inflicting certain mortal wounds from which the said J. K. Bell then and there died." Harry Barclay and Ed Barclay were jointly tried and convicted of voluntary manslaughter; their motion for new trial was overruled, and that judgment was assigned as error. This court, in affirming the judgment (59 *Ga. App.* 393, 1 S. E. 2d, 42), ruled that the evidence, while conflicting, authorized the verdict, and that the special grounds of the motion for new trial showed no cause for a reversal of the judgment. Subsequently Homer Goss was convicted of voluntary manslaughter; a new trial was denied, and he excepted. The undisputed evidence shows that the three men indicted were fighting the deceased, that Homer Goss knocked or threw the deceased upon the ground and sat upon him and held him down, and that while he was so held he received the wounds that caused his death. Moreover, the circumstantial evidence authorized the jury to find that the defendant and the Barclays had entered into a joint conspiracy to attack and beat the deceased, that while he was held helpless on the ground he was severely and brutally kicked on the head by one of the Barclays, and that his death resulted from the wound or injury caused by said kicking. In our opinion, a shoe or boot, when used to severely and brutally kick on his head a helpless man lying down, could be properly classified as a blunt instrument and a weapon likely to produce death. The undisputed evidence shows further that the three assailants of the deceased fled from the scene of the crime, and that subsequently, after they had been placed in jail, they escaped therefrom and remained in hiding until rearrested. In our opinion the verdict was amply authorized by the evidence, and none of the grounds of the motion for new trial shows cause for a rehearing of the case.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*